## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN JONES, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| UNIVAR SOLUTIONS INC., CHRISTOPHER D. PAPPAS, DAVID JUKES, JOAN A. BRACA, MARK J. BYRNE, DANIEL P. DOHENY, RICHARD P. FOX, RHONDA GERMANY, VARUN LAROYIA, STEPHEN D. NEWLIN, KERRY J. PREETE, and ROBERT L. WOOD, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Brian Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Univar Solutions Inc. ("Univar" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by affiliates of funds managed by Apollo Global Management, Inc. ("Apollo"), with a minority investment by the Abu Dhabi Investment Authority ("ADIA").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed

2.      On March 13, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Windsor Parent, L.P. ("Parent") and Windsor Merger Sub, Inc. ("Merger Sub").  The Merger Agreement provides that Company stockholders will receive $36.15 per share of Univar common stock in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the May 2, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

Transaction."

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for June 6, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Univar common stock.

10. Defendant Univar is a Delaware corporation with its principal executive offices located at 3075 Highland Parkway, Suite 200, Downers Grove, Illinois 60515. Univar's shares trade on the New York Stock Exchange under the ticker symbol "UNVR." Founded in 1924, Univar distributes commodity and specialty chemical products and provides related services worldwide. The Company purchases chemicals and ingredients from producers worldwide to warehouse, repackage, blend, dilute, transport and sell those materials safely to approximately 100,000 customer locations across approximately 120 countries. Univar also provides application development and technical advice to customers formulating new products and has a network of solution centers to support customer development activities. The Company

operates an extensive worldwide chemical and ingredient distribution network, including approximately 9,700 employees and approximately 600 facilities, serviced by the following: approximately 4,900 tractors, tankers, and trailers; and approximately 2,500 railcars, 120 rail and barge terminals and 20 deep sea terminals, focused on timely and safe delivery to a variety of customers.

11. Defendant Christopher D. Pappas is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant David Jukes is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

13. Defendant Joan A. Braca is and has been a director of the Company at all times relevant hereto.

14. Defendant Mark J. Byrne is and has been a director of the Company at all times relevant hereto.

15. Defendant Daniel P. Doheny is and has been a director of the Company at all times relevant hereto.

16. Defendant Richard P. Fox is and has been a director of the Company at all times relevant hereto.

17. Defendant Rhonda Germany is and has been a director of the Company at all times relevant hereto.

18. Defendant Varun Laroyia is and has been a director of the Company at all times relevant hereto.

19. Defendant Stephen D. Newlin is and has been a director of the Company at all times relevant hereto.

20. Defendant Kerry J. Preete is and has been a director of the Company at all times relevant hereto.

21. Defendant Robert L. Wood is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On March 14, 2023, the Company and Apollo jointly announced in relevant part:

DOWNERS GROVE, Ill. and NEW YORK, March 14, 2023 /PRNewswire/ -- Univar Solutions Inc. (NYSE: UNVR) ("Univar Solutions" or the "Company") and Apollo (NYSE: APO) announced today that funds managed by affiliates of Apollo (the "Apollo Funds") have entered into a definitive merger agreement to acquire the Company in an all-cash transaction that values the Company at an enterprise value of approximately $8.1 billion. The transaction includes a minority investment from a wholly owned subsidiary of the Abu Dhabi Investment Authority ("ADIA").

The agreement provides that Univar Solutions shareholders will receive $36.15 per share in cash, which represents a 20.6% premium to the Company's undisturbed closing stock price on November 22, 2022. The transaction consideration also represents a premium of 33.6% to the volume-weighted average price of Univar Solutions for the 30 trading days ending on November 22, 2022.

"We are pleased to have reached this agreement with Apollo, which will provide immediate and certain cash value for Univar Solutions shareholders," said Chris Pappas, chairman of the Univar Solutions Board of Directors (the "Board"). "The Board's decision follows a comprehensive review of value creation opportunities for Univar Solutions. We are confident this transaction is the right path forward and achieves our goal of maximizing value for Univar Solutions shareholders."

David Jukes, president and chief executive officer of Univar Solutions, said, "Over the last three years, we have transformed the Company, putting the customer at the center of all we do, which has solidified our position as a leading

value-added service and solution provider. This transaction reflects the success of our strategy and delivers substantial value to our shareholders. It is a testament to the tireless efforts of my colleagues, whose commitment to our purpose of helping keep our communities healthy, fed, clean, and safe has enabled our success. In Apollo, we are pleased to gain a partner to support continued investment in our portfolio and I look forward to working closely with their team as we grow Univar Solutions and serve our key suppliers and customers globally."

Apollo Private Equity Partner Sam Feinstein said, "Univar is a global leader in specialty chemicals and ingredients distribution, fueling a vast array of industries with innovative, safe and sustainable solutions. In recent years, David and his team have made tremendous progress enhancing the customer experience, and we believe Univar can accelerate its long-term strategy as an Apollo Fund portfolio company. We look forward to leveraging our extensive experience in the sector to support management in this exciting next phase."

**Transaction Details**

The merger agreement, which has been unanimously approved by the Univar Solutions Board of Directors, provides that Univar Solutions shareholders will receive $36.15 in cash for each share of common stock they own.

The transaction will be financed with equity provided by the Apollo Funds, a minority equity investment from a wholly owned subsidiary of ADIA and a committed debt financing package.

The transaction is expected to close in the second half of 2023, subject to customary closing conditions, including approval by Univar Solutions shareholders and receipt of regulatory approvals. The transaction is not subject to a financing condition.

Upon completion of the transaction, shares of Univar Solutions common stock will no longer trade on the New York Stock Exchange, and Univar Solutions will become a privately held company. Univar Solutions will continue to operate under the Univar Solutions name and brand and maintain a global presence.

The foregoing description of the merger agreement and the transactions contemplated thereby is subject to, and is qualified in its entirety by reference to, the full terms of the merger agreement, which Univar Solutions will file with the U.S. Securities and Exchange Commission as an exhibit to a Current Report on Form 8-K.

**Advisors**

Goldman Sachs & Co. LLC and Deutsche Bank Securities Inc. are serving as financial advisors to Univar Solutions and Wachtell, Lipton, Rosen & Katz is serving as lead counsel to Univar Solutions.

Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as legal counsel to the Apollo Funds.

J.P. Morgan Securities LLC is acting as lead financial advisor to Apollo. BMO Capital Markets, BNP Paribas Securities Corp., Credit Suisse, Guggenheim Securities, LLC, HSBC Securities (USA) Inc., Mizuho Securities USA LLC, RBC Capital Markets, LLC and Wells Fargo Securities, LLC are also serving as financial advisors to Apollo.

Cleary Gottlieb Steen & Hamilton LLP is serving as legal counsel to ADIA.

**The Materially Incomplete and Misleading Proxy Statement**

24. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on May 2, 2023  The Proxy Statement, which recommends that Univar stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisors Goldman Sachs & Co. LLC ("Goldman") and Deutsche Bank Securities Inc. ("Deutsche Bank"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

25. With respect to each of the "Univar LRSP" and "Univar Standalone Projections," the Proxy Statement fails to disclose the line items underlying the calculation of Adjusted EBITDA and Unlevered Free Cash Flow.

7

*Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analyses*

26. The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

27. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal year Adjusted EBITDA; (b) the Company's terminal values; and (c) the Company's fully diluted outstanding shares.

28. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's projected net debt for fiscal years 2023 to 2025; (b) the Company's projected fully diluted outstanding shares for fiscal years 2023 to 2025; and (c) the cumulative dividends expected to be paid to Univar stockholders through the end of fiscal years 2023 to 2025.

29. With respect to the *Selected Transactions Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the individual financial metrics for each of the selected transactions analyzed by Goldman; (b) the Company's normalized 2022 actual Adjusted EBITDA as of December 31, 2022; (c) the Company's net debt as of December 31, 2022 and December 31, 2022 excluding cash in connection with the Company's two acquisitions announced in the first fiscal quarter of 2023; and (d) the Company's fully diluted outstanding shares.

30. With respect to the *Premia Paid Analysis*, performed by Goldman the Proxy Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

31. The Proxy Statement also fails to disclose material information concerning Deutsche Bank's financial analyses.

32. With respect to the *Discounted Cash Flow Analysis* performed by Deutsche Bank, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the Company's fully diluted outstanding shares.

33. With respect to the *Illustrative Discounted Future Share Price Analysis* Deutsche Bank, the Proxy Statement fails to disclose the Company's projected net debt for fiscal year 2024.

34. With respect to the *Precedent Selected Transactions Analysis* Deutsche Bank, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected transactions analyzed by Deutsche Bank, as well as the Company's 2022 Normalized Adjusted EBITDA.

35. With respect to *Selected Companies Analysis* Deutsche Bank, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by the financial advisor.

36. With respect to the *Equity Research Analyst Price Targets* analysis performed by Deutsche Bank, the Proxy Statement fails to disclose the individual price targets observed and their sources.

37. With respect to the *Premiums Paid Analysis* performed by Deutsche Bank, the Proxy Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

38. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Apollo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

39. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

40. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Goldman Sachs & Co. LLC," "Opinion of Deutsche Bank Securities Inc.," "Background of the Merger," and "Interests of Univar Solutions' Executive Officers and Directors in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Univar**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Univar is liable as the issuer of these statements.

43. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

44. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

46. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

47. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants acted as controlling persons of Univar within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Univar and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

51.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

53. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 18, 2023  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*